**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **DEARL MICHAEL RICHEY** | **CIVIL ACTION NO.  _____** |
| **V.** | **JUDGE _____** |
| **HARLEY MARINE GULF, LLC** | **MAGISTRATE JUDGE _____** |

**COMPLAINT FOR INJURY TO SEAMAN**
**UNDER THE JONES ACT AND GENERAL MARITIME LAW**

Comes now Dearl Michael Richey (hereafter "Richey" or "Plaintiff"), through undersigned counsel, who with respect represents:

1.

Richey is a competent major resident, domiciliary and citizen of Ouachita Parish, Louisiana.

2.
Defendant

Defendant is Harley Marine Gulf, LLC (hereafter "Harley") a Limited Liability Corporation domiciled in Seattle, Washington, which has a registered office in Louisiana at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

3.
Jurisdiction

This Court has subject matter jurisdiction under the Jones Act. 46 U.S.C. § 30104 et seq., and the General Maritime Law.

4.
Facts

At all times pertinent hereto, plaintiff was a seaman, within the meaning of the Jones Act and General Maritime Law, employed by Harley and assigned to work as a tankerman aboard the vessel "Trigger", a tow boat owned and operated by Harley, and engaged in commerce among the states in the transport and movement of barges on the Intercostal Canal and other navigable inland waterways of the United States.

5.

On or about Sunday, October 28, 2012, Richey was working as a tankerman aboard the Trigger, which was pushing an empty barge towards a dock in the vicinity of Texas City, Texas.

6.

As the Trigger and empty barge neared the dock, Richey and his mate, Willie Jackson, were standing on the empty barge.  A cross-wind caused the barge to move to the left.  To stop wind drift of the barge, the Pilot, who was at the wheel of the vessel, directed Richey and Jackson to tie off the starboard side of the barge on timber heads of an adjacent dock.

7.

Richey was approximately midway of the starboard side of the barge, and his mate, Jackson was near the stern.

8.

Richey looped a line around a timber head on the adjacent dock, which he tied off on a kevel at the midpoint of the starboard side of the barge; his mate did the same with a line from the rear of the barge to a timber head.  The barge came to a stop with the two lines taut.

9.

The Pilot kept the throttle engaged forward and maintained forward thrust of the Trigger. This caused the bow of the barge to stop drifting left.  After the barge became stationary, the Pilot then directed the two tankermen, Richey and Jackson, to remove their lines so that the barge could move forward into a docking area.

10.

Willie Jackson removed the stern line first.  Because the Pilot failed to take the vessel out of forward gear, the line Richey was untying remained taut, and as Richey loosened it, the line released suddenly and violently, and snapped against Richey's right hand, breaking his right wrist.

11.

Unaware of the extent of his injury or the fracture to his wrist, Richey continued to work until the end of his watch.  When he returned to his watch at midnight, his right wrist and arm were swollen and he began to suffer increasing pain in his hand and wrist which interfered with his work.

12.

Richey reported the injury to the Pilot, who notified a safety representative of Harley.

13.

Defendant then caused Richey to be removed from the vessel, but instead of taking him for medical treatment, Defendant caused Richey to be taken to a motel, where Defendant had him undergo first aid training, which was unrelated to his injury.  Defendant finally arranged for medical examination of Richey on or about November 1, 2012.  At that time, Richey's arm and wrist were swollen and he had no use of his right hand.

14.

Subsequently, Richey was diagnosed with a fracture of his wrist.  He was treated by Dr. Douglas Brown of Monroe, who determined that surgery was necessary.  On May 30, 2013, he underwent surgical repair of the fracture, which included insertion of a compression screw and a bone graft.

15.

After Richey recovered from the surgery, he went to physical therapy for extended periods, but despite same, he has pain in his right wrist which prevents him from performing his employment, which involves heavy lifting and throwing of heavy ropes.  In early 2015, Defendant terminated Richey from employment and ceased payment of Maintenance and Cure.

16.
First Cause of Action for Liability under the Jones Act

At all times mentioned herein, Richey was employed by defendant as a seaman and was at all relevant times was a member of the crew of the vessel "Trigger" and was acting within the course and scope of his employment.

17.

On October 28, 2012, the vessel "Trigger" was engaged in inland marine transport operations and related activities on the navigable waterways of the United States.  Plaintiff was engaged in his duties as a seaman when the defendant negligently and carelessly caused, allowed and permitted the vessel, its appurtenances, and work method to be operated, supervised, equipped, controlled, designed, manufactured, maintained, and inspected in such a manner as to cause the plaintiff to suffer injury proximately causing the injuries and damages set forth in this Complaint.

18.

At the time and place described herein, Defendant's agents and employees were negligent, and such negligence includes but is not limited to the following acts, errors and omissions:

    a.  Negligently causing, allowing and permitting plaintiff to be injured by causing him to work without adequate assistance and support to inform and warn him of dangers;

    b.  Negligently causing, allowing and permitting the vessel and its appurtenances to be in a dangerous, defective and hazardous condition;

    c.  Operating the vessel in a negligent manner, rendering the vessel unsafe, by maintaining tension in the line that Richey was ordered to release;

    d.  Operating the vessel in a negligent manner, rendering the vessel unsafe, by failing to permit slack to develop in the line before Richey was ordered to release the line;

    e.  Negligently failing to warn the plaintiff of dangerous and hazardous conditions;

    f.  Negligently failing to provide the plaintiff with a seaworthy vessel and a safe place to work;

    g.  Negligently failing to promulgate and enforce proper and safe rules of seamanship in the supervision of said work;

    h.  Negligently failing to provide sufficient and competent co-employees;

    i.  Negligently failing to use and to supply proper gear and equipment; and

    j.  Negligently failing to supply timely and appropriate medical care to plaintiff.

19.

As a direct consequence of the negligence of the defendant and its Pilot, plaintiff suffered personal injury and damages.

20.
## Second Cause of Action for Unseaworthiness

Plaintiff re-alleges and incorporates by reference herein each and every allegation contained in the First Cause of Action.

21.

On October 28, 2012, while the "Trigger" was engaged in operations on inland waterways of the United States, the unseaworthiness of the vessel proximately caused plaintiff to suffer injuries set forth herein.

22.

Plaintiff's injuries occurred as a proximate result of the unseaworthiness of the vessel and her gear, equipment, crew, appliances and appurtenances, in that among other things:

a. The vessel was inadequately staffed, which resulted in the failure of defendant to provide plaintiff with a safe and seaworthy place to work;

b. The vessel was inadequately supplied and kept in order;

c. The work method was unsafe in that plaintiff was ordered to remove a line while under tension, without assistance and support, while the vessel maintained pressure on the line;

d. The vessel did not have sufficient or competent fellow crew members;

e. Defendant's negligence and that of its employees created an unseaworthy condition;

f. The vessel and its appurtenances were in a dangerous, defective and hazardous condition and were operated in a negligent manner;

g. Defendant failed to warn plaintiff of dangerous conditions; and

h. Defendant failed to promulgate and enforce proper and safe rules of seamanship in the supervision of the work.

23.

Damages

By reason of the negligence of the defendant, its agents and employees, and due to the unseaworthiness of the vessel, plaintiff was caused to suffer injuries to his person with great force and violence, and thereby sustained personal injuries and damages.

24.

As a direct result of the blow to his right wrist, plaintiff sustained severe and permanent injuries to his body, which injuries have caused and continue to cause him mental and physical pain and suffering.

25.

The injury Plaintiff sustained has caused him permanent disability and inability to work as a seaman. As a direct result of the incident described herein, plaintiff has incurred a reduction in earnings and a loss of earnings and fringe benefits, and his future earning capacity has been impaired.

26.

As a result of the incident, plaintiff has undergone surgery and medical treatment, and will likely require future medical treatment for an indefinite period of time into the future, and may require future surgery.  Plaintiff therefore prays for special damages in the form of future medical expenses.

27.

The injuries sustained by plaintiff will prevent him from returning to work as a seaman, and will cause substantial change in his chosen way of life.  That change, and his continued pain and disability, will severely affect and detract from his enjoyment of life.

28.

Plaintiff is therefore entitled to awards for the following losses:

   a.   Past and future physical pain and suffering.
   b.   Past and future mental pain and suffering.
   c.   Past and future disability and impairment of physical function.
   d.   Loss of the ability to work in his chosen profession.
   e.   Past and future loss of earnings.
   f.   Loss of fringe benefits.
   g.   Loss of earning capacity.
   h.   Loss of enjoyment of life.

29.

Plaintiff designates that all claims asserted by him arise under this Court's admiralty and maritime jurisdiction and are admiralty and maritime claims under Rule 9(h) of the Federal Rules of Civil Procedure, and accordingly, plaintiff demands bench trial of all issues in this action.

30.

Plaintiff is entitled to the maritime remedies of maintenance and cure by virtue of his status as a seaman, within the meaning of the Jones Act and General Maritime Law, at the time of the accidents giving rise to this suit.  In particular, Plaintiff is entitled to recover continued cost of medical treatment, including future surgical costs and physical therapy, for the injuries sustained by Plaintiff while serving as a seaman on defendant's vessel.

<u>Prayer</u>

Wherefore the premises considered, Dearl Michael Richey prays that this Complaint be filed, that defendant be summoned and ordered to appear herein and answer, and after all due proceedings and trial, that there be judgment in his favor and against defendant Harley Marine Gulf, LLC for damages sufficient to compensate him for his losses in such amounts as are reasonable in the premises, together with judicial interest as provided by law, and all costs hereof.

ATTORNEYS FOR PLAINTIFF

Thomas M. Hayes, III
Hayes, Harkey, Smith & Cascio, L.L.P.
2811 Kilpatrick Boulevard
Post Office Box 8032
Monroe, Louisiana  71211-8032
Telephone:  (318) 387-2422
Facsimile:  (318) 388-5809
Email: tom@hhsclaw.com


BY:     */s/ Thomas M. Hayes, III*
            Thomas M. Hayes, III, La. Bar No. 6685


Robert S. Tew
2022 Forsythe Avenue
Monroe, Louisiana 71201
Telephone:  (318) 387-8331
Facsimile:  (318) 387-0075
Email: steve@stevetewattorney.com


By:      */s/ Robert S. Tew*
            Robert S. Tew, La. Bar No. 17167